# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

AMERICAN INTERNATIONAL
GROUP, INC.,

      Plaintiff,

vs.                                         Case No. 3:25-cv-1164-MMH-LLL

WILLIAM MCCLURE, et al.,

      Defendants.

_____/

## AGREED ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on the Motion for Preliminary Injunction (Doc. 2; "Motion") filed by Plaintiff American International Group, Inc. ("AIG") against Defendants William McClure ("McClure"), Benefit Logistics Captive Insurance Company ("BLCIC"), Benefit Logistics, Inc. ("Benefit Logistics"), Benefit Risk Advisors Inc. ("Benefit Risk"), and McClure Benefit Administrators, Inc. d/b/a MBA TPA ("MBA TPA," and collectively "Defendants").

On October 22, 2025, AIG filed a Notice of Filing Proposed Agreed Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. 42; "Notice"). AIG attaches to the Notice a proposed order granting the Motion which is signed by counsel for all parties. See Proposed Agreed Order Granting Plaintiff's Motion for Preliminary Injunction (Doc. 42-1; "Proposed Order"). The parties include in their

agreed Proposed Order a finding that AIG is likely to succeed on the merits of its claims under the Lanham Act and state unfair competition laws, that AIG and consumers will suffer irreparable harm in the absence of injunctive relief, that Defendants will not be harmed by an injunction, and that an injunction will serve the public interest.  See Proposed Order at 1-2.  The Proposed Order also reflects the parties' agreement on specific preliminary injunctive relief.  Id. at 2-4.  Upon review of the Proposed Order and the record in this case, and considering Defendants' consent to the entry of the Proposed Order, the Court finds it appropriate to grant the relief requested.  The Court has revised the Proposed Order and enters it here. Revisions of note are shown in bold below.  In accordance with the foregoing, it is:

**ORDERED:**

1.    Plaintiff's Motion for Preliminary Injunction and Supporting Memorandum of Law (Doc. 2) is **GRANTED** to the extent set forth in this Agreed Order.    The preliminary injunction hearing set for October 29, 2025, is **CANCELED**.

2.    Defendants, their agents, employees, officers, attorneys, servants, successors, assigns, affiliates, and all persons who are in privity or in active concert or participation with any of them, **who receive actual notice of this Order**, are hereby RESTRAINED, ENJOINED, and PROHIBITED FROM:

2

    a. Representing to anyone that AIG or any AIG-affiliated insurance company issued or authorized the issuance of any Unauthorized Insurance Policies and/or Unauthorized COIs[1] with respect to, or is responsible for any loss with respect to, the Ragnar Insurance Program[2] or the Landmark Insurance Program[3];

    b. Issuing any additional insurance policies and/or certificates of insurance bearing the name of AIG or any AIG-affiliated insurance company or the AIG Marks[4] in any form; and

    c. Using in any manner the AIG Marks or any confusingly similar marks or names in offering for sale, selling, distributing, or advertising all goods or services, including, but not limited to, all insurance products, insurance policies, certificates of insurance,

---

[1] "Unauthorized Insurance Policies" and "Unauthorized COIs" mean all master policies and/or certificates of insurance bearing the name of AIG or any AIG-affiliated insurance company or the AIG Marks issued by the Defendants or any other person or entity in connection with the Ragnar Insurance Program and the Landmark Insurance Program.

[2] "Ragnar Insurance Program" means the captive insurance program set up by Andrew Reina and Defendants.

[3] "Landmark Insurance Program" means the captive insurance program set up by Defendants for Landmark Hospitality, LMH Holdings and/or Cretella Trust.

[4] "AIG Marks" means U.S. Trademark Registration Nos. 1,172,557 and 2,320,184 for AIG and U.S. Trademark Registration No. 2,376,437 for AMERICAN INTERNATIONAL GROUP for the underwriting of insurance.

insurance forms, reinsurance agreements, or any other documents purporting to evidence any form of insurance.

3.    Within ten (10) calendar days of the date of this Order, Defendants SHALL:

a.  Provide AIG a list of all individuals or entities known to Defendants that received or may have received any Unauthorized Insurance Policies and/or Unauthorized COIs from any person or entity (including without limitation all persons and entities affiliated or associated with the Ragnar Insurance Program or the Landmark Insurance Program), with recipients' available contact information (including physical addresses, email addresses, and phone numbers), and copies of the Unauthorized Insurance Policies and/or Unauthorized COIs the individuals or entities received from Defendants or anyone else;

b.  Send a notice via certified mail that is agreeable to the parties to all individuals or entities known to Defendants that received or may have received the Unauthorized Insurance Policies and/or Unauthorized COIs or any other insurance policies and/or COIs bearing the AIG Marks in any form that those policies and/or COIs are not genuine and the recipients do not have insurance under those

4

policies and/or COIs with AIG or any of its affiliates, subsidiaries, or related companies; and

c.  Identify all insurance programs in which the Defendants were in any way involved as a reinsurance intermediary, captive manager, broker, agent, producer, or otherwise in which at any time AIG or any AIG-affiliated insurance company was or is identified as an insurer or reinsurer on such insurance programs.

4.  Defendants dispute the material allegations of the Complaint (Doc. 1) and do not waive any defenses by their consent to the relief in this Order. This Order provides preliminary relief only and nothing in this Order is intended to be or will be construed as a finding or admission by Defendants of wrongdoing, malfeasance or liability.

5.  **This Order remains in effect until the earlier of a) further agreement of the parties, b) further Order of the Court, or c) the entry of final judgment in this case.**

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of October, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Respectfully submitted,

October 22, 2025

/s/ *Thomas E. Bishop*
Thomas E. Bishop

**BISHOP & PAGE PLLC**
Thomas E. Bishop
Alexander T. Briggs
Alison Blake
510 North Julia Street
Jacksonville, Florida 32202
(904)598-0034
*tbishop@bishoppage.com*
*abriggs@bishoppage.com*
*ablake@bishoppage.com*
*service@bishoppage.com*

**ALSTON & BIRD LLP**
Adam J. Kaiser (pro hac vice)
90 Park Avenue
New York, NY 10016
(212) 210-9400
*adam.kaiser@alston.com*

Michael R. Hoernlein (pro hac vice)
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
(704) 444-1000
*michael.hoernlein@alston.com*

Daniel F. Diffley (pro hac vice)
David J. Stewart (pro hac vice)

/s/ *Peter E. Nicandri*
Peter E. Nicandri

**MILAM HOWARD NICANDRI & GILLAM, P.A.**
Peter E. Nicandri
W. Braxton Gillam, IV
Pierce N. Giboney
14 East Bay Street
Jacksonville, Florida 32202
(904) 357-3660
*pnicandri@milamhoward.com*
*sjames@milamhoward.com*
*bgillam@milamhoward.com*
*sphipps@milamhoward.com*
*pgiboney@milamhoward.com*
*hdurham@milamhoward.com*

*Counsel for Defendants*

Jyoti J. Kottamasu (pro hac vice)
1201 W. Peachtree Street, Suite 4900
Atlanta, GA 30309
(404) 881-7000
*dan.diffley@alston.com*
*david.stewart@alston.com*
*jyoti.kottamasu@alston.com*

*Counsel for Plaintiff American International Group, Inc.*