**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AMERICAN INTERNATIONAL GROUP, INC.

        Plaintiff,

vs.

WILLIAM MCCLURE, BENEFIT LOGISTICS CAPTIVE INSURANCE COMPANY, BENEFIT LOGISTICS, INC., BENEFIT RISK ADVISORS INC., and MCCLURE BENEFIT ADMINISTRATORS, INC. d/b/a MBA TPA,

        Defendants.
_____/

Case No.: 3:25-cv-01164-JEP-LLL

**BENEFIT LOGISTICS, INC., BENEFIT RISK ADVISORS INC., AND MCCLURE BENEFIT ADMINISTRATORS, INC.'S MOTION TO DISMISS**

Defendants, Benefit Logistics, Inc., Benefit Risk Advisors, Inc., and McClure Benefit Administrators, Inc., by and through their undersigned counsel, and under Rule 12(b)(6), Fed. R. Civ. P., move to dismiss Plaintiff's claims against them for failure to state a claim.

### I.    INTRODUCTION

Plaintiff asserts claims against William McClure and multiple corporate entities for the alleged sale of "counterfeit" insurance policies. As pled, however,

Plaintiff's Complaint fails to state a claim against three of the corporate defendants: Benefit Logistics, Inc., Benefit Risk Advisors, Inc., and McClure Benefit Administrators, Inc. (collectively, "Moving Defendants").

Specifically, the Complaint contains no factual allegations showing that Moving Defendants participated in the formation of any captive arrangement, issued any policies or certificates of insurance, or engaged in any of the alleged fraudulent conduct. Instead, Plaintiff lumps Moving Defendants together with Mr. McClure and Benefit Logistics Captive Insurance Company ("BLCIC"), without alleging anything regarding the nature of Moving Defendants' participation in the alleged fraud.

For these reasons, explained in greater detail below, the Court should dismiss Plaintiff's claims against Moving Defendants for failure to comply with the Federal Rules of Civil Procedure.

## II.     ARGUMENT

### A.     The Court should dismiss Plaintiff's claims against Moving Defendants because, as pled, Plaintiff's Complaint is a shotgun pleading.

The Eleventh Circuit roundly condemns shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (discussing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings" and lamenting, "there is no ceasefire in sight"). This includes pleadings that assert

"multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[.]" *Id.* at 1323.

This species of pleading is defective because it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* Such pleadings not only threaten to subject defendants to irrelevant discovery and unnecessary expense, but also waste the court's resources. *See Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources.").

Throughout its Complaint, Plaintiff refers to the corporate defendants collectively as "the McClure Companies." *See* Compl. ¶ 30 ("BLCIC, Benefit Logistics, Benefit Risk, and MBA TPA are collectively referred to as the 'McClure Companies' "). Although the Complaint goes on to recite allegations against Mr. McClure and BLCIC, it contains no factual allegations specific to the Moving Defendants. *See generally* Compl. Indeed, none of the Moving Defendants are alleged to have formed any captive arrangement, issued any policies or certificates of insurance, or otherwise participated in the alleged fraud. *See generally id.*

3

In other words, the Complaint attributes no actionable conduct that is specific to Moving Defendants, much less meaningfully distinguishes between the acts attributable to each. *See, e.g.*, *United States v. Smart Pharmacy, Inc.*, 2020 WL 10506310, at *2 (M.D. Fla. Feb. 12, 2020) (dismissing complaint as shotgun pleading because it asserted "multiple claims against multiple Defendants without specifying which applies to which"). For these reasons, the Court should dismiss Plaintiff's claims against Moving Defendants for failure to comply with the Federal Rules of Civil Procedure. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").

### B.  Plaintiff's claims against Moving Defendants should be dismissed because Plaintiff's claims are grounded in fraud and not pled with particularity.

Rule 9(b) requires claims sounding in fraud to be pled with particularity. Fed. R. Civ. P. 9(b). Whether a claim sounds in fraud is determined by the substance of the allegations, not the claim's label. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1293 (11th Cir. 2025) ("Whether a plaintiff 'alleges fraud' under Rule 9(b) depends on the factual allegations underlying a plaintiff's claim—not how the plaintiff styles his claim") (alterations omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (holding that where a plaintiff "allege[s] a unified course

of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," the claim is "said to be 'grounded in fraud' ").

Where multiple defendants are alleged to have committed fraud, the complaint must particularize the allegations as to each defendant. *See Signeo Int'l Ltd. v. Wade*, 2013 WL 12153590, at *2 (M.D. Fla. Apr. 1, 2013) ("[W]hen a plaintiff claims fraud by several defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient.") (internal quotation marks and citations omitted).

Here, Plaintiff's entire Complaint alleges "fraud schemes," "counterfeit" policies, "counterfeit COIs," and misrepresentations to insureds—all of which are incorporated into each of Plaintiff's substantive counts. Yet, despite containing more than 180 paragraphs, Plaintiff fails to allege a single act—fraudulent or otherwise—that is specific to Moving Defendants. Indeed, none of Plaintiff's allegations describe Moving Defendants' role in the alleged scheme, when or where they committed any fraudulent acts, or how Moving Defendants—as distinct from Mr. McClure or BLCIC—carried them out. *Cf. In re Takata Airbag Products Liab. Litig.*, 524 F. Supp. 3d 1266, 1280 (S.D. Fla. 2021) ("[A] plaintiff is required to set forth specific allegations as to *each defendant* that will fulfill the 'who, what, when, where, and how' pertaining to the underlying fraud.") (emphasis added).

5

For these reasons, the Court should dismiss Plaintiff's claims against Defendants for failure to plead fraud with particularity.

### III.     CONCLUSION

Plaintiff's Complaint is a shotgun pleading because it fails to allege any actionable conduct that is specific to Moving Defendants. Plaintiff's claims—all of which are grounded in fraud—also fail to meet the particularity requirements of Rule 9(b). For these reasons, the Court should dismiss Plaintiff's claims against the Moving Defendants.

**[*The Remainder of this Page Intentionally Left Blank*]**

## **LOCAL RULE 3.01(g) CERTIFICATION**

I certify that on November 14, 2025, I conferred with Plaintiff regarding the substance of this Motion. Plaintiff opposes a grant of the relief sought in the Motion.

MILAM HOWARD NICANDRI
& GILLAM, P.A.

By: /s/ *Pierce N. Giboney*
Peter E. Nicandri, *Lead Counsel*
Florida Bar No.: 823090
W. Braxton Gillam, IV
Florida Bar No.: 122076
Pierce N. Giboney
Florida Bar No.: 124704
14 East Bay Street
Jacksonville, Florida 32202
Tel: (904) 357-3660
Fax: (904) 357-3661
Primary: pnicandri@milamhoward.com
Secondary: sjames@milamhoward.com
Primary: bgillam@milamhoward.com
Secondary: sphipps@milamhoward.com
Primary: pgiboney@milamhoward.com
Secondary: sjames@milamhoward.com
Secondary: hdurham@milamhoward.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *14th* day of November 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of the U.S. District Court, Middle District of Florida, via CM/ECF, with a copy electronically delivered through CM/ECF to the following:

| | |
|---|---|
| Thomas E. Bishop, Esq. | tbishop@bishoppage.com |
| Alexander T. Briggs, Esq. | abriggs@bishoppage.com |
| Alison Blake, Esq. | ablake@bishoppage.com |
| Bishop & Page PLLC | service@bishoppage.com |
| 510 North Julia Street | |
| Jacksonville, Florida 32202 | |
| *Counsel for Plaintiff* | |
| | |
| Adam J. Kaiser, Esq. | adam.kaiser@alston.com |
| Alston & Bird LLP | |
| 90 Park Avenue | |
| New York, NY 10016 | |
| *Counsel for Plaintiff* | |
| | |
| Michael R. Hoernlein, Esq. | michael.hoernlein@alston.com |
| Alston & Bird LLP | |
| 1120 South Tryon Street | |
| Charlotte, NC 28203 | |
| *Counsel for Plaintiff* | |
| | |
| Daniel F. Diffley, Esq. | dan.diffley@alston.com |
| David J. Stewart, Esq. | david.stewart@alston.com |
| Jyoti J. Kottamasu, Esq. | jyoti.kottamasu@alston.com |
| Alston & Bird LLP | |
| 1201 W. Peachtree Street, Suite 4900 | |
| Atlanta, GA 30309 | |
| *Counsel for Plaintiff* | |

                                                 */s/ Pierce N. Giboney*
                                                                                      Attorney